STRANGE v. CORLEY.

4-9933                                    253 S. W. 2d 337

Opinion delivered December 8, 1952.

Rehearing denied January 12, 1953.

*Kincannon & Kincannon,* for appellant.

*Gean & Gean,* for appellee.

J. SEABORN HOLT, Justice. Appellees, Carl M. Corley and A. T. Crouch, as partners, sued Mark J. Strange, doing business as Strange Welders, in replevin, alleging ownership of a mower-tractor valued at $1,650 and damages.

Appellant answered denying every material allegation in the complaint and in a cross-complaint pleaded a lien on the property in the amount of $858.50 for alleged labor performed and materials furnished, under § 51-404, Ark. Stats. 1947. Appellees answered the cross-complaint with a general denial.

A trial before the court (a jury having been waived by agreement) resulted in a judgment for appellees for the property, or in the event appellant was unable to make return, for the property's value, which the court found to be $1,650. Appellant's cross-complaint was dismissed and jurisdiction reserved to determine any question of damages claimed by appellees. From the judgment is this appeal.

As we view the record, the primary and decisive question is one of fact. Therefore, if there appear, from all the testimony, when viewed in its most favorable light in favor of appellees, any substantial evidence to support the findings and judgment of the trial court, we must affirm. In this connection, our rule is well established that the findings of the trial court have the same force and effect as the jury's verdict.

There was evidence to the following effect: On June 20, 1951, appellees sold to W. E. Blain the tractor-mower in question for $1,650. Blain, in payment, at the time executed in favor of appellees a lien "installment note" in which appellees retained title to the property until the note was fully paid. The note became due and was unpaid.

Blain, who held a patent for a "greens cutter" machine, engaged the services of appellant (Welders) to build (or manufacture) a model cutter according to plans and specifications which he furnished appellant. He also instructed appellant to build the machine so that it could be easily attached to the frame of the tractor-mower, above, as well as to any tractor-mower of that model, and for this purpose, he, Blain, delivered the tractor-mower, above, which he had purchased from appellees, to appellant. Thereafter, appellant constructed the "greens cutter" and by boring some holes in the frame of the mower (at a nominal labor cost of some fifteen or twenty dollars, the only work done on the tractor-mower) it could be easily attached by bolts (or welding) to the tractor-mower, or a similar model. It is appellant's contention, in the circumstances, that he has a lien on the tractor-mower for his labor and materials in the building of the "greens cutter" because Blain, who engaged him to build the cutter, was either appellees' partner at the time, or was acting on the authority of appellee, Corley, (one of the partners), or on the authority of D. C. Chitwood, (appellees' sales manager), who was acting as appellees' authorized agent, and that appellees were estopped. We do not agree to any of these contentions.

Appellees stoutly denied any partnership arrangement with Blain, or that he, or any one with authority acted as their agent in Blain's dealings with appellant. Appellant's testimony, in some instances, tended to contradict that of appellees. However, as indicated, any such conflicts were resolved by the trial court in favor of appellees.

It could serve no useful purpose to attempt to detail the testimony or analyze its effect. It suffices to say, that on the whole, we find it substantial and ample to support the court's findings and judgment.

Affirmed.